■ In the Matter of I. WALTER GROSS and HYATH B. GROSS, Attorneys, Respondents. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. ▬ Respondent I. Walter Gross was admitted to the Bar by this court under the name of Walter G. Gross on October 18, 1954 and maintains an office for the practice of law in the City of Schenectady. Respondent Hyath B. Gross was admitted by this court on May 12, 1955 and maintains an office for the practice of law in the City of New York. In this disciplinary proceeding, petitioner moves to confirm the report of the referee to whom the issues were referred. Respondents oppose the motion. The referee found that respondent Hyath, between May 31, 1978 and May 31, 1979, and respondent Walter, between June 30, 1979 and January 31, 1981, forged the indorsement of their deceased father, as payee, on a series of pension checks (33 in all) issued by the New York State Retirement System (Charge No. 1); and that respondent Walter misapplied the proceeds ($6,493.76) received from the negotiation of the forged checks. The evidence in the record supports the findings of the referee. Therefore, petitioner's motion to confirm the report is granted. Respondents contend that in negotiating their father's retirement checks, they acted on the basis of a telephone call that Walter allegedly received shortly after his father's death from an unknown person said to be with the Retirement System, who was never produced as a witness, but who allegedly stated that retirement checks would continue to be sent and that he might indorse them with his father's name. Respondent Walter states that he did not seek confirmation of this alleged authorization to indorse the checks from anyone else at the Retirement System at that time because he was suffering from mental depression. However, it appears that he was able to resume his normal functions by May 31, 1979. Yet he did not thereafter communicate with the Retirement System concerning whether it was proper for him to continue to receive and indorse retirement checks payable to his deceased father. Instead, between June 30, 1979 and January 31, 1981, he forged his father's name on 19 checks received from the Retirement System, notwithstanding that each check stated that in the event of the death of the payee, the check is void and must be returned to the Retirement System. Under the circumstances, respondent I. Walter Gross is guilty of serious professional misconduct and should be disbarred. Respondent Hyath B. Gross is also guilty of serious professional misconduct. However, it appears that in forging his father's name on the retirement checks during his visits to Schenectady from New York City, he relied upon his brother's statement that the Retirement System had advised that it was proper to do so. In addition, he personally gained nothing from his misconduct, but gave all of the proceeds from the checks that he negotiated to his brother. Under all the circumstances, we conclude that respondent Hyath B. Gross should be suspended from the practice of law for a period of three years and thereafter until further order of the court. Respondent I. Walter Gross disbarred. Respondent Hyath B. Gross suspended for a period of three years, the date of commencement to be fixed in

the order to be entered hereon. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.